UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN MELEIKA, | : |
| Plaintiff, | : Civil Action No. 19-20916 (KM) (MAH) |
| v. | : **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY, et al., | : |
| Defendants. | : |

Pro se Plaintiff Steven Meleika seeks to bring a civil rights action pursuant to 42 U.S.C. § 1983. I previously granted Plaintiff's *in forma pauperis* ("IFP") application. (DE 9.) Accordingly, the Complaint must be screened pursuant to the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(e)(2)(B).

Res judicata, or claim preclusion, bars a party from relitigating the same claims against the same parties after those claims have already been decided on the merits. *See Chen v. Fairfield Township*, 354 Fed. App'x. 656, 658 (3d Cir. 2009). PLRA screening permits a court to raise the res judicata doctrine when screening a pro se complaint. *Crawford v. McMillan*, No. 1:17-cv-00641, 2017 WL 2506401, at *3 (M.D. Pa. June 9, 2017). "A court may take judicial notice of the record from a previous court proceeding between the parties." *Toscano v. Connecticut Gen. Life Ins. Co.*, 288 Fed. App'x 36, 38 (3d Cir. 2008).

A review of the docket makes it clear that the Complaint, Amended Complaint, and various other documents filed by Plaintiff overlap allegations made in numerous other actions.[1] I detailed these allegations and cases in docket number 17-1958 in two opinions dismissing the same Defendants. (Docket No. 17-cv-1958 at DEs 25, 92.) To briefly summarize, Bayonne Police Department detectives arrested Plaintiff in 2015 and charged him with marijuana possession. The police never submitted the evidence for lab testing; after the charges were

---

[1] Plaintiff was explicitly cautioned to file future papers under the correct docket number. (Docket No. 17-1958, DE 25 at 6.)

dismissed in 2016, Meleika sued for various civil rights violations. (*Id.*) I dismissed the Complaint, and Plaintiff did not appeal.[2]

As I recognized in the opinions dismissing docket number 17-1958, this action appears to be just one of many scattershot filings related to the 2015 arrest and prosecution. This is supported by Plaintiff's attachment of a docket sheet referencing that docket number and his 2015 arrest. (DE 2 at 13.) He has filed several other documents which do not shed any light on what the allegations are, let alone whether they are distinct from those I have already dismissed with prejudice. If Plaintiff believes this to be incorrect, however, he may seek to re-open this matter on that basis, after explaining his allegations with specificity. **I caution Plaintiff, once again, that any filings must bear the appropriate index number.**

IT IS, therefore, on this 30th day of September, 2022,

ORDERED that the Amended Complaint (DE 11) is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that any further amended complaint addressing the issues raised in this Order shall be filed within 30 days; and it is finally

ORDERED that the Clerk of Court shall mail a copy of this order to Plaintiff and shall CLOSE this file.

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge

---

[2] Plaintiff did file a notice of appeal before I issued my final dispositive ruling, which the Third Circuit rejected for lack of appellate jurisdiction. (Docket No. 17-cv-1958, DE 99.)